UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SCOTT BRET LAFERRIERE,<br><br>                Plaintiff,<br>    v.<br><br>BODWELL et al.,,<br><br>                Defendants. | Case No. 3:21-cv-05174-BHS-TLF<br><br>ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT |

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* ("IFP") and proposed civil rights complaint ("complaint"). Dkts. 1, 1-1. Plaintiff is proceeding *pro se*. Considering deficiencies in the complaint discussed below, the undersigned will not direct service of the complaint at this time. On or before May 13, 2021, plaintiff must either show cause why this cause of action should not be dismissed or file an amended complaint.

Because plaintiff's complaint fails to state a claim as it is currently drafted, the Court declines to rule on plaintiff's application to proceed *in forma pauperis* (Dkt. 1) until plaintiff has provided a viable proposed complaint. The Clerk is directed to re-note plaintiff's IFP application for May 13, 2021.

BACKGROUND

Plaintiff, who is currently confined at Airway Heights Corrections Center filed his complaint on March 11, 2021. Dkt. 1-1. Plaintiff alleges that defendants violated his

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 1

Eighth Amendment rights by denying him a test for Covid-19 during the time he was confined at Stafford Creek Corrections Center ("SCCC"). Dkt. 1-1 at 20. Plaintiff describes and attaches grievances that he filed in his pursuit of a COVID-19 test, and names as defendants each SCCC staff member who responded to each of his grievances. Dkt. 1-1. Plaintiff concludes that the grievances establish that he "was denied adequ[ate] medical attention and medical treatment, which violates my 8th Amendment [right] for inadequ[ate] treatment and a form of cru[e]l and unusual punishment." Dkt. 1-1 at 20.

DISCUSSION

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 2

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

Plaintiff's complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint.

**A.     Eighth Amendment Medical Care Issue**

Plaintiff alleges that the refusal to provide a COVID-19 test constitutes a failure to provide adequate medical care in violation of his Eighth Amendment rights. Dkt. 1-1 at 20.

"Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal citation omitted); *see Hudson v. McMillan*, 503 U.S. 1, 6 (1992). An Eighth Amendment medical claim has two elements: (1) "the seriousness of the prisoner's medical need and [(2)] the nature of the defendant's response to that need." *McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133 (9th Cir. 1997) (en banc). A difference of opinion about treatment between plaintiff and prison medical authorities "does not give rise to a § 1983 claim," but it does not preclude one, either. *Franklin v. Oregon,* 662 F.2d 1337, 1344 (9th Cir. 1981); *Hamby v. Hammond,* 821 F.3d 1085, 1097 (9th Cir. 2016) (Gould, Circuit Judge, concurring in part and dissenting in part). Medical negligence or malpractice is not cognizable under § 1983. *Franklin,* at 1344.

The two-prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in a further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett v. Penner,* 439 F.3d 1091, 1096 (9th Cir. 2006), *quoting McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir. 1992). Serious medical need may be indicated if, for example, the plaintiff shows the existence of an injury that a reasonable doctor or patient would find to be important and worthy of comment or treatment; a medical condition that would significantly affect an individual's daily activities; or a condition that creates chronic and substantial pain. *Colwell v. Bannister,* 763 F.3d 1060, 1066-1067 (9th Cir. 2014). Deliberate indifference is shown by a "purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Jett v. Penner,* at 1096, *quoting McGuckin v. Smith,* at 1060. The defendants must have known of, but disregarded, an excessive risk to the plaintiff's health. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).

Plaintiff in this case does not allege a complete lack of medical treatment; he asserts he did not receive the *specific* test he desired. As the complaint and the attached grievances make clear, plaintiff was told if he experienced COVID-19 symptoms he should be seen by medical staff and would be tested. Dkt. 1-1 at 12, 13, 16. When plaintiff filed a grievance asserting that he was symptomatic, he was seen by a medical provider who concluded he was not experiencing COVID-19 symptoms. Dkt. 1-1 at 17. At most, plaintiff alleges his disagreement with the decision not to provide him a COVID-19 test and he alleges that he believes he had symptoms of the disease. But

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 4

plaintiff's disagreement with the course of his medical assessment and decision-making about the tests necessary for diagnosis is insufficient to establish the deliberate indifference necessary to support an Eighth Amendment claim.

Moreover, plaintiff's allegation that his medical providers should have given him a COVID-19 test does not necessarily establish deliberate indifference even if their decision was incorrect. *See Estelle,* 429 U.S. at 105–06 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."); *Wilhelm v. Rotman,* 680 F.3d 1113, 1123 (9th Cir. 2012) (affirming dismissal of Eighth Amendment claim directed to prison physician whose alleged deliberate indifference to a serious medical need amounted only to negligent diagnosis or difference of opinion); *Franklin v. State of Or., State Welfare Division,* 662 F.2d 1337, 1344 (9th Cir. 1981) (allegation that prison medical personnel improperly administered insulin, causing soreness and swelling of the plaintiff's arm alleges "mere negligence, not deliberate indifference to a serious medical problem sufficient to establish cruel and unusual punishment under the Eighth Amendment").

Plaintiff has failed to allege facts supporting deliberate indifference. If plaintiff wishes to pursue a claim for inadequate medical treatment, he must provide an amended complaint with a short, plain statement explaining exactly what actions were taken by each individual defendant, how each defendant's actions violated plaintiff's constitutional rights, and how the medical treatment he received constituted deliberate indifference to a serious medical need.

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 5

B.    **Eighth Amendment Failure to Protect Issue**

Plaintiff alleges that he requested a copy of the "Facility Crisis Management Plan for COVID-19", and that he "was put into harms way and force to stay within harms way when there was a deadly virus upon us, even after requesting medical treatment, an[d] screening, I suffered Physical and Emotional distress an[d] damages." Dkt. 1-1 at 7-11. He alleges he "attempt[ed] to reach out for proper medical ATTN: . . .and proper Protocol on the treatment for and COVID-19 screening and testing." Dkt. 1-1 at 20. Construing the complaint liberally, the Court interprets this as an allegation that the defendant's acts or omissions regarding the "Facility Crisis Management Plan for COVID-19" screening and testing process at Stafford Creek violated the Eighth Amendment as a policy, custom, or practice and subjected plaintiff to harm by exposing him to a known risk of exposure to COVID-19.

A failure to protect claim is subject to the same two-part deliberate indifference test as a medical care claim. To prevail on a claim that conditions of confinement impose cruel and unusual punishment, a prisoner must allege and prove that he suffered a sufficiently serious deprivation and that prison officials acted with deliberate indifference in allowing or causing the deprivation to occur. *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991). The deliberate indifference standard involves an objective and subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious...." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety. . . ." *Farmer*, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 6

1  of confinement only if he knows that inmates face a substantial risk of harm and
2  disregards that risk by failing to take reasonable measures to abate it. *Id*. at 837-45.
3        Plaintiff has not alleged that he has any medical conditions rendering him
4  particularly vulnerable to COVID-19, let alone that any of the defendants were aware of
5  any such risk. Nor does plaintiff make any allegations regarding specific COVID-19
6  conditions or lack of protective measures at the prison. As discussed above, plaintiff has
7  alleged only that, after reporting his belief that he had COVID-19 symptoms, he was
8  examined, found not to have such symptoms, and was not given a COVID-19 test.
9  These facts do not establish subjective disregard of an excessive risk to plaintiff's health
10 and security. To state a claim, plaintiff "must provide more than generalized allegations
11 that the [defendants] ha[ve] not done enough to control the spread" of Covid 19.
12 *Blackwell v. Covello*, No. 2:20-CV-1755 DB P, 2021 WL 915670, at *3 (E.D. Cal. Mar.
13 10, 2021). *See also Hope v. Warden*, 972 F.3d 310, 330 (3rd Cir. 2020) (rejecting
14 petitioners' arguments that exposure to COVID-19 was per se unconstitutional and that
15 the government must entirely eliminate their risk of exposure in order to comply with
16 constitutional mandates).
17       To the extent that plaintiff seeks to state a claim against the State or the
18 Department of Corrections for failure to have an adequate testing policy, his claim would
19 also fail. Dkt. 11 at 24. Neither a state, nor an arm of the state is a "person" who may be
20 sued under Section 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69
21 (1997); *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Alabama v. Pugh*, 438 U.S. 781,
22 782 (1978) (per curiam) (concluding that suit against the state Board of Corrections was
23 barred by the Eleventh Amendment).
24
25

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 7

It is not clear whether plaintiff intended to plead his claims against defendants in their official capacities, but such a claim would also fail here. Official capacity suits filed against state officials are merely an alternative way of pleading an action against the state. *Hafer v. Mello*, 502 U.S. 21, 25 (1991). Such officials are "persons" under section 1983, but because the Eleventh Amendment prohibits suits for damages against the states, official capacity suits seeking monetary damages are likewise prohibited. Such claims may only seek forward-looking injunctive relief. *Id*. Here, plaintiff seeks only monetary damages; he does not seek any injunctive relief. Dkt. 1-1 at 24. To the extent plaintiff seeks to assert official capacity claims here, he has not stated a claim upon which relief can be granted.

**C.     Personal Participation**

A defendant is not liable under Section 1983 unless the defendant has personally participated in a violation of the plaintiff's constitutional rights. *Hines v. Youseff,* 914 F.3d 1218, 1228 (9th Cir. 2019). Plaintiff's allegations against Defendants Bodwell, Erickson, Ralkey, Gordon and Dahne do not include any factual assertions that they were involved with his medical care or had authority to provide him with a COVID-19 test. Instead, plaintiff alleges only that these defendants signed a grievance response. Dkt. 1-1.

With respect to Defendants Bodwell, Erickson, Ralkey and Gordon, the responses had nothing to do with plaintiff's medical care or whether he would receive a COVID-19 test: those defendants simply answered plaintiff's questions regarding general COVID-19 policy and practices. Dkt. 1-1 at 8, 9, 10, 14. With respect to Defendant Dahne, plaintiff alleges only that Dahne forwarded a grievance to senior officials at DOC Headquarters. Dkt. 1-1 at 19. Plaintiff has failed to allege that

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 8

Defendants Bodwell, Erickson, Ralkey, Gordon and Dahne personally participated in any violation of his constitutional rights.

Plaintiff must allege, with respect to each named defendant, facts showing how each defendant caused or personally participated in causing the harm he alleged. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

**D.     Denial of Grievances**

It is not clear whether plaintiff seeks to bring a separate claim pertaining to the processing of his grievances. But the complaint fails to adequately state any such claim. There is no constitutional right to a prison grievance system. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988. If the state elects to provide a grievance mechanism, alleged violations of such grievance procedures do not give rise to § 1983 claims. *Id*.; *Silva v. Gregoire*, 2007 WL 1814073 at *6 (W.D. Wash. 2007); *Allen v. Wood*, 970 F.Supp. 824, 832 (E.D. Wash. 1997) (The grievance process is an internal prison process for handling prison complaints and does not involve substantive rights).

Because plaintiff lacks a separate constitutional entitlement to any grievance procedure, claims against defendants for denying his grievances are not supported by any legal basis. *See Wise v. Washington State Department of Corrections*, 244 Fed.Appx. 106, 108 (9th Cir. 2007) (claim that defendants denied plaintiff's grievances was properly dismissed because "an inmate has no due process rights regarding the proper handling of grievances."). Plaintiff must show cause why his grievance-related claims, if any, should not be dismissed.

**E.     Retaliation**

Plaintiff also appears to contest a grievance response from Defendant Harder that admonishes him to refrain from making demands or other types of coercion. Dkt. 1-

1 at 16. It is not clear whether plaintiff seeks to bring a First Amendment claim of retaliation with respect to this grievance response. His complaint does not adequately state a retaliation claim.

Filing grievances may be constitutionally-protected activity. *See e.g., Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (inmates are engaged in constitutionally protected conduct when they file prison grievances). But plaintiff has not alleged facts sufficient to establish retaliation. To prove a First Amendment claim of retaliation under § 1983, plaintiff must show: (1) he was subjected to adverse action; (2) the adverse action was imposed because of certain conduct; (3) the conduct giving rise to the adverse action is legally protected; (4) the adverse action chilled the prisoner's speech; and (5) the adverse action did not advance a legitimate penological goal. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). Plaintiff has not alleged facts establishing these elements.

If plaintiff wishes to assert a claim for retaliation against Defendant Harder, he must allege facts showing that adverse action was taken against him, that there is a nexus between his protected activity and the purported retaliatory action, that his constitutional rights were chilled, and that the alleged retaliatory actions did not reasonably advance a legitimate penological goal.

CONCLUSION

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may show cause why his complaint should not be dismissed or may file an amended complaint to cure, if possible, the deficiencies noted herein, **on or before May 13, 2021**. If an amended complaint is filed, it must be legibly rewritten or retyped in its

entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action as frivolous under 28 U.S.C. § 1915, and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Plaintiff should be aware that a prisoner who brings three or more civil actions or appeals that are dismissed on the grounds that they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal *in forma pauperis*, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the *Pro Se* Information Sheet.

Dated this 13th day of April, 2021.

Theresa L. Fricke
United States Magistrate Judge