UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SCOTT BRET LAFERRIERE,<br><br>                  Plaintiff,<br>v.<br><br>BODWELL et al.,<br><br>                  Defendants. | Case No. 3:21-cv-05174-BHS-TLF<br><br>ORDER TO AMEND AND DENYING MOTION FOR APPOINTMENT OF COUNSEL |

This matter comes before the Court on plaintiff's response to the Court's Order to Show Cause or Amend the Complaint (Dkt. 4) ("Order"). Plaintiff has filed two documents in response (Dkts. 8 and 9) but did not amend his complaint. Furthermore, neither of plaintiff's responses remedies the defects in plaintiff's complaint that were identified in the Order. Accordingly, the Court will grant plaintiff one more opportunity to file an amended complaint. If plaintiff fails to file an amended complaint remedying the defects identified in the Order by **October 29, 2021**, the Court will recommend dismissal of this case.[1]

Plaintiff has also filed an untitled document that includes a request for "a civil rights law[y]er that is transgender to help." Dkt. 6 at 4. Construing this document

---

[1] Plaintiff has also filed a motion to proceed *in forma pauperis* ('IFP"). Dkt. 1. However, because plaintiff's complaint was deficient and plaintiff has failed to cure the deficiencies, the Court will defer ruling on plaintiff's application to proceed IFP until plaintiff files a viable amended complaint.
.

ORDER TO AMEND AND DENYING MOTION FOR
APPOINTMENT OF COUNSEL - 1

liberally, the Court will interpret it as a motion for appointment of counsel. For the reasons discussed below, the motion is denied.

BACKGROUND

Plaintiff, who is currently housed at Airway Heights Corrections Center and is proceeding *pro se*, filed his complaint on March 11, 2021. Dkt. 1-1. Plaintiff's complaint alleges that defendants violated his Eighth Amendment rights by denying him a test for Covid-19 during the time he was confined at Stafford Creek Corrections Center ("SCCC"). Dkt. 1-1 at 20. The complaint describes and attaches grievances that plaintiff filed in his pursuit of a COVID-19 test, and names as defendants each SCCC staff member who responded to each of his grievances. Dkt. 1-1. The complaint concludes that the grievances establish that plaintiff "was denied adequ[ate] medical attention and medical treatment, which violates my 8th Amendment [right] for inadequ[ate] treatment and a form of cru[e]l and unusual punishment." Dkt. 1-1 at 20.

As required by 28 U.S.C. § 1915A, the Court screened plaintiff's complaint and declined to serve it because it failed to state a claim upon which relief can be granted. Dkt. 7. The Court's Order explained the deficiencies in the complaint and set out the elements plaintiff must plead to state a claim on each of the claims plaintiff's complaint appeared to raise. *Id*. Specifically, the Order explained that plaintiff had failed to allege facts establishing that defendants acted with deliberate indifference with respect to plaintiff's medical care or his conditions of confinement, that plaintiff had not alleged facts showing the personal participation of several of the named defendants in any alleged violation of his constitutional rights, that there was no legal basis for a claim for denial of grievances, and explained that plaintiff had not alleged facts supporting a claim for retaliation. *Id*. The Order emphasized that plaintiff must amend his complaint to

plead facts demonstrating how each named defendant had violated plaintiff's rights. *Id*. The Order required that plaintiff either show cause why the complaint should not be dismissed or file an amended complaint correcting the identified deficiencies. *Id*.

Plaintiff did not file an amended complaint. Instead, on June 2, 2021 and June 23, 2021, plaintiff filed two documents that appear to list unrelated additional grievances plaintiff has regarding his conditions of confinement. Dkts. 8, 9. Neither document addresses the deficiencies discussed in the Order.

## DISCUSSION

A.     Motion for Counsel (Dkt. 6)

Plaintiff requests the appointment of counsel, contending that he has not received adequate law library time due to Covid-19 related restrictions at the prison in which he is confined. Dkt. 6 at 4.

No constitutional right exists to appointed counsel in a Section 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue(s) involved, as well as an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). That a *pro*

ORDER TO AMEND AND DENYING MOTION FOR
APPOINTMENT OF COUNSEL - 3

*se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.

Plaintiff indicates that due to Covid-19-related restrictions he has had difficulty accessing the law library. Dkt. 6 at 4. But this is not an exceptional circumstance that sets plaintiff aside from any other prisoner litigant during this pandemic. In addition, any delays caused by insufficient library access may be addressed by a motion for an extension of an affected deadline. Indeed, plaintiff has already sought—and been granted—an extension for this reason. Dkts. 5, 7.

Furthermore, at this point plaintiff has not yet submitted a complaint that asserts viable claims. It is therefore premature to assess the likelihood of success on the merits or whether the issues in this case are necessarily complex. In sum, Plaintiff has failed in his burden to demonstrate an inability to present his claims to this Court without counsel at this time. Plaintiff's request for the appointment of counsel is therefore DENIED without prejudice.

B. <u>Plaintiff's Complaint</u>

    1.    <u>Screening Standard</u>

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b) at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing the harm alleged in the complaint. *See Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981).

  2. <u>Failure to Correct Deficiencies</u>

Plaintiff's complaint alleges Eighth Amendment claims for failure to provide adequate medical care and—liberally construed—might also allege Eighth Amendment claims for failure to protect and a First Amendment claim for retaliation. However, the Court found that plaintiff had failed to allege sufficient facts to establish any of those claims and ordered plaintiff to file an amended complaint correcting those deficiencies. Dkt. 4. On the Court's instruction, the Clerk transmitted to plaintiff the appropriate § 1983 complaint form upon which to file his amended complaint. Dkt. 4-1.

Plaintiff did not file an amended complaint, but instead filed two documents (which are partially duplicative of one another) that bear a Washington State Court of Appeals caption and are entitled "Statement of Additional Grounds for Review." Those documents contain a conclusory statement that plaintiff was treated "indifferently" when he was denied a Covid-19 test. Dkt. 8 at 1; Dkt. 9 at 2. This statement does not comply with the Order, which required plaintif to

ORDER TO AMEND AND DENYING MOTION FOR
APPOINTMENT OF COUNSEL - 5

provide an amended complaint with a short, plain statement explaining exactly what actions were taken by each individual defendant, how each defendant's actions violated plaintiff's constitutional rights, and how the medical treatment he received constituted deliberate indifference to a serious medical need.

Dkt. 4 at 5. As explained in the Order, plaintiff must allege specific facts to support his claims. *Id*. Sweeping conclusory statements are not sufficient to state a claim upon which relief may be granted. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Plaintiff's supplemental filings fail to provide sufficient facts to state an Eighth Amendment claim for inadequate medical care. If plaintiff wishes to pursue this claim, he must file an amended complaint complying with the Court's Order as set forth above.

Plaintiff's supplemental filings did not address any of the other claims in his complaint. Thus—even if the information in the supplements had been presented in an amended complaint as the Court required—it would not remedy any of the additional defects identified in the Order.

Plaintiff's complaint therefore remains defective and fails to state any claim upon which relief can be granted. However, because plaintiff is proceeding *pro se*, the Court will provide him an additional opportunity to file an amended complaint. Plaintiff may not file a "supplement" but must instead file an amended complaint, on the form provided by the Court, which will be a complete substitute for the original complaint. For each claim plaintiff seeks to bring, plaintiff must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See*

*Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Plaintiff must allege facts supporting each of the elements of his claims, as explained in the Court's prior Order.

### 3. Unrelated Claims

Plaintiff's supplemental materials appear to assert additional claims, unrelated to the claims made in the complaint, alleging interference with plaintiff's access to the courts and a request for transfer to a different facility. Dkt. 8 at 2; Dkt. 9 at 3–10. Such claims are unrelated to the allegations and claims brought in plaintiff's complaint in this action, involve different defendants, and must be brought in a separate proceeding.

Unrelated claims against different defendants must be pursued in separate actions; the claims may not all be combined into one action. Plaintiff may only bring a claim against multiple defendants if (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers,* 130 F.3d 1348, 1350–51 (9th Cir.1997); *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir.1980). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Here, plaintiff asserts claims that are wholly unrelated to the Eighth Amendment claims alleged in his complaint: an access to courts claim would arise under the First

ORDER TO AMEND AND DENYING MOTION FOR
APPOINTMENT OF COUNSEL - 7

Amendment; a claim relating to prison assignment claim (to the extent it would be cognizable) would arise under the Fourteenth Amendment. Furthermore, any such claims involve defendants separate from the medical staff and counselors who are currently named. *See, e.g.* Dkt. 9 at 3 (identifying "Counselor Nato" and "cc3 Baker"). Plaintiff's newly asserted claims, to the extent that they are valid, must be brought in a separate action.

## CONCLUSION

Due to the continued deficiencies described above, the Court will not serve the complaint. If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint on or before **October 29, 2021**.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

If plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before October 29, 2021, the undersigned will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint, together with copies of this Order and Pro Se Instruction Sheet. The Clerk is further directed to renote plaintiff's motion to proceed *in forma pauperis* for November 5, 2021.

Dated this 28th day of September, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER TO AMEND AND DENYING MOTION FOR
APPOINTMENT OF COUNSEL - 9