UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT BRET LAFERRIERE,

                Plaintiff,

v.

BODWELL et al.,

                Defendants.

Case No. 3:21-cv-05174-BHS-TLF

REPORT AND RECOMMENDATION

Noted for January 28, 2022

This matter comes before the Court on plaintiff's response (Dkt. 11) to the Court's second order requiring plaintiff to file an amended complaint (Dkt. 10). Plaintiff has twice been informed of the deficiencies in the proposed complaint and twice ordered to file an amended complaint correcting the deficiencies. In response to the Court's most recent order, which specifically required plaintiff to file an amended complaint on the form supplied by the Court, plaintiff has instead filed two pages of argument that (1) does not address the previously identified deficiencies in plaintiff's complaint and (2) does not comply with the Court's order that plaintiff file an amended complaint. Dkt. 11.

Because plaintiff has already been provided two opportunities to state a claim upon which relief can be granted and has failed to do so, the Court recommends that plaintiff's complaint be dismissed without prejudice and plaintiff's motion to proceed *in forma pauperis* ("IFP") (Dkt. 1) be denied as moot.

REPORT AND RECOMMENDATION - 1

BACKGROUND

Plaintiff, who is currently housed at Airway Heights Corrections Center and is proceeding *pro se*, initiated this matter on March 11, 2021. Dkt. 1. Plaintiff's proposed complaint alleges that defendants violated plaintiff's Eighth Amendment rights by denying a test for COVID-19 in July 2020 while plaintiff was confined at Stafford Creek Corrections Center ("SCCC"). Dkt. 1-1 at 20.

The complaint describes and attaches grievances that plaintiff filed when trying to obtain a COVID-19 test, and names as defendants each SCCC staff member who responded to each of the grievances. Dkt. 1-1. The proposed complaint concludes that the grievances establish plaintiff "was denied adequ[ate] medical attention and medical treatment, which violates my 8th Amendment [right] for inadequ[ate] treatment and a form of cru[e]l and unusual punishment." Dkt. 1-1 at 20.

As required by 28 U.S.C. § 1915A, the Court screened plaintiff's proposed complaint and declined to serve it because it failed to state a claim upon which relief can be granted. Dkt. 4 ("First Screening Order"). The Court's First Screening Order explained the deficiencies in the complaint and set out the elements plaintiff must plead to state a claim on each of the claims plaintiff's complaint appeared to raise. *Id*.

Specifically, the First Screening Order explained that plaintiff had failed to allege facts establishing defendants acted with deliberate indifference with respect to plaintiff's medical care or conditions of confinement, that plaintiff had not alleged facts showing the personal participation of several of the named defendants in any alleged violation of plaintiff's constitutional rights, that there was no legal basis for a claim for denial of grievances, and explained that plaintiff had not alleged facts supporting a claim for retaliation. *Id*. The First Screening Order emphasized that plaintiff must amend the

REPORT AND RECOMMENDATION - 2

complaint to plead facts demonstrating how each named defendant had violated plaintiff's rights. *Id*. The First Screening Order required that plaintiff either show cause why the complaint should not be dismissed or file an amended complaint correcting the identified deficiencies. *Id*.

Plaintiff did not file an amended complaint. Instead, plaintiff filed two documents that appear to list unrelated additional conditions of confinement grievances. Dkts. 8, 9. On September 28, 2021, the Court issued a second order finding that neither document submitted by plaintiff addressed the deficiencies discussed in the First Screening Order and required plaintiff to file an amended complaint. Dkt. 10 ("Second Screening Order"). The Second Screening Order found plaintiff's submissions failed to provide facts to state an Eighth Amendment claim for inadequate medical care, nor any facts supporting any of the additional claims that might have been alleged in the original complaint.

The Court provided plaintiff a second opportunity to file an amended complaint to correct the deficiencies, specifically required that plaintiff file an amended complaint, not a supplement, and indicated that plaintiff would need to provide specific facts linking each individual defendant to a specific violation of Constitutional rights:

> Plaintiff may not file a "supplement" but must instead file an amended complaint, on the form provided by the Court, which will be a complete substitute for the original complaint. For each claim plaintiff seeks to bring, plaintiff must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Plaintiff must allege facts supporting each of the elements of his claims, as explained in the Court's prior Order.

Dkt. 10 at 6–7.

REPORT AND RECOMMENDATION - 3

In response, plaintiff filed two pages consisting of argument and generalized allegations that unspecified "defendants" acted indifferently in not providing plaintiff with a requested COVID-19 test, and acted "negligently" in "not changing [their] gloves," failing to follow proper Covid safety procedures and disregarding masking and social distancing requirements. Dkt. 11. Plaintiff's submission, construed liberally, appears to pertain only to the proposed complaint's Eighth Amendment claims concerning medical care and conditions of confinement and to abandon any additional claims. But even as to the Eighth Amendment claims, plaintiff fails to correct the deficiencies previously identified by the Court. Plaintiff's document fails to identify any conduct by any specifically identified defendant and therefore fails to adequately allege that any defendant acted with deliberate indifference to plaintiff's medical needs or safety. Moreover, plaintiff does not allege illness due to the COVID-19 virus, and identifies no harm suffered that is tied to any individual defendant. *Id*.

## DISCUSSION

A. <u>Legal Standard</u>

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX*

*Techs., Inc. v. Miller,* 104 F.3d 1133 (9th Cir. 1997) (en banc). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989)).

Moreover, the court need not grant endless amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend may properly be denied for "repeated failure to cure deficiencies by amendments previously allowed"); *Chodos v. West Publ'g. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." (citation and internal quotation marks omitted)); *Ibeabuchi v. Penzone*, 744 F. App'x. 448, 449 (9th Cir. 2018) (no abuse of discretion in denying prisoner plaintiff further leave to amend, because prisoner failed to cure previously identified deficiencies despite the opportunity to do so).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) plaintiff suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step is to identify the specific constitutional or statutory right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. In'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981).

B. <u>Medical Care</u>

Plaintiff contends that the failure of unspecified defendants to provide a COVID-19 test when plaintiff requested it violated the Eighth Amendment. Dkt. 1-1 at 20; Dkt. 11 at 1.

"Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal citation omitted); *see Hudson v. McMillian*, 503 U.S. 1, 6 (1992). An Eighth Amendment medical claim has two elements: (1) "the seriousness of the prisoner's medical need and [(2)] the nature of the defendant's response to that need." *McGuckin*, 974 F.2d at 1059. A difference of opinion about treatment between plaintiff and prison medical authorities "does not give rise to a § 1983 claim," but it does not preclude one, either. *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981); *Hamby v. Hammond,* 821 F.3d 1085, 1097 (9th Cir. 2016) (Gould, Circuit Judge, concurring in part and dissenting in part). Medical negligence or malpractice is not cognizable under § 1983. *Franklin,* 662 F.2d at 1344.

The two-prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in a further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett v. Penner,* 439 F.3d 1091, 1096 (9th Cir. 2006), (quoting *McGuckin,* 974 F.2d at 1059 (9th Cir. 1992). Serious medical need may be indicated if, for example, the plaintiff shows the existence of an injury that a reasonable doctor or patient would find to be important and worthy of comment or treatment; a medical condition that would significantly affect

an individual's daily activities; or a condition that creates chronic and substantial pain. *Colwell v. Bannister,* 763 F.3d 1060, 1066–1067 (9th Cir. 2014).

Deliberate indifference is shown by a "purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Jett,* 439 F.3d at 1096 (internal quotation omitted). The defendants must have known of, but disregarded, an excessive risk to the plaintiff's health. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).

In the First Screening Order, the Court informed plaintiff that the allegations in the proposed complaint did not meet this standard:

> Plaintiff in this case does not allege a complete lack of medical treatment; he asserts he did not receive the *specific* test he desired. As the complaint and the attached grievances make clear, plaintiff was told if he experienced COVID-19 symptoms he should be seen by medical staff and would be tested. Dkt. 1-1 at 12, 13, 16. When plaintiff filed a grievance asserting that he was symptomatic, he was seen by a medical provider who concluded he was not experiencing COVID-19 symptoms. Dkt. 1-1 at 17. At most, plaintiff alleges his disagreement with the decision not to provide him a COVID-19 test and he alleges that he believes he had symptoms of the disease. But plaintiff's disagreement with the course of his medical assessment and decision-making about the tests necessary for diagnosis is insufficient to establish the deliberate indifference necessary to support an Eighth Amendment claim.

Dkt. 4 at 4–5.

Plaintiff's response to the Second Screening Order does not correct this deficiency. Plaintiff simply reiterates a generalized and conclusory assertion that unidentified "defendants" acted with "negligence and disregard" in denying a test for COVID-19 after plaintiff requested one in July, 2020, but provided tests to other inmates. Dkt. 11 at 1. Although plaintiff's most recent submission asserts plaintiff was "depriv[ed] of medical care and being seen," (Dkt. 11 at 1), this allegation is contradicted

REPORT AND RECOMMENDATION - 7

1  by attachments to the original complaint—grievances demonstrating that plaintiff was
2  seen by medical providers and found not to have COVID-19 symptoms. Dkt. 1-1 at 17.
3  In any event, plaintiff's most recent submission continues to allege only negligence or a
4  difference in medical opinion, which is insufficient to state a claim upon which relief can
5  be granted. *Franklin*, 662 F.2d at 1344.

6  Furthermore, while plaintiff disagrees with the medical diagnosis of no symptoms
7  of COVID-19, plaintiff does not allege illness or injury caused by the lack of a COVID-19
8  test. Second, notwithstanding the Court's two orders (Dkt. 4 at 5; Dkt. 10 at 5–6),
9  plaintiff has not pled any facts identifying any specific defendant who violated plaintiff's
10 rights and has not alleged facts establishing that each defendant knew of and
11 disregarded an excessive risk to plaintiff's health and safety, resulting in a specific
12 injury. Plaintiff therefore fails to state a claim for violation of the Eighth Amendment right
13 to adequate medical care.

14 C.    Conditions of Confinement

15 Plaintiff's submission in response to the Second Screening Order asserts that
16 unspecified defendants failed to change their gloves and failed to observe proper
17 masking and distancing protocols. Dkt. 11 at 2. Liberally construed, plaintiff appears to
18 assert an Eighth Amendment claim for unconstitutional conditions of confinement.

19 A conditions of confinement claim is analyzed under the same two-part deliberate
20 indifference test as a medical care claim. To prevail on a claim that conditions of
21 confinement impose cruel and unusual punishment, a prisoner must allege and prove
22 that plaintiff suffered a sufficiently serious deprivation and that prison officials acted with
23 deliberate indifference in allowing or causing the deprivation to occur. *Wilson v. Seiter*,
24 501 U.S. 294, 298–99 (1991). The deliberate indifference standard involves an objective

25

and subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson*, 501 U.S. at 298). Second, the prison official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety. . .." *Farmer*, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if the official knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. *Id*. at 837–45.

Plaintiff's contention that unnamed "defendants" negligently failed to comply with safety protocols does not remedy the deficiencies in this claim that the Court previously identified. These allegations provide no facts regarding when or how the alleged failures occurred or how they injured plaintiff—and plaintiff fails to link any specific defendant to the purported failures.

Plaintiff does not allege any particular vulnerability to COVID-19, nor that any specific defendant was aware of any such risk. In short, plaintiff's allegations do not establish subjective disregard to plaintiff's health and security. To state a claim, plaintiff "must provide more than generalized allegations that the [defendants] ha[ve] not done enough to control the spread" of COVID-19. *Blackwell v. Covello*, No. 2:20-CV-1755 DB P, 2021 WL 915670, at *3 (E.D. Cal. Mar. 10, 2021); *Burgess v. Newsom*, No. 121CV00077SABPC, 2021 WL 4061611 (E.D. Cal. Sept. 7, 2021), *report and recommendation adopted*, 2021 WL 4975140 (E.D. Cal. Oct. 25, 2021) (same). *See also Hope v. Warden*, 972 F.3d 310, 330 (3rd Cir. 2020) (rejecting arguments that exposure to COVID-19 was per se unconstitutional and that the government must entirely eliminate their risk of exposure in order to comply with constitutional

1 mandates). For these reasons, the Court should find that plaintiff fails to state an Eighth
2 Amendment conditions of confinement claim for the general conditions of confinement
3 allegations under the Eighth Amendment.

D.   Additional Claims

In the First Screening Order, the Court identified additional claims that might be liberally construed from the proposed complaint and explained that plaintiff had failed to allege facts to support them. Dkt. 10 at 9–10. None of plaintiff's subsequent submissions have attempted to remedy those deficiencies. Accordingly, the Court should hold that plaintiff fails to state a claim upon which relief can be granted for denial of grievances or retaliation.

## LEAVE TO AMEND

The Court should find that plaintiff cannot overcome the deficiencies in the proposed complaint and, accordingly, the Court should order that plaintiff will not be given a third opportunity to amend. *Chodos v. West Publ'g. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." (citation and internal quotation marks omitted)); *Ibeabuchi v. Penzone*, 744 F. App'x. 448, 449 (9th Cir. 2018) (no abuse of discretion in denying prisoner plaintiff further leave to amend, because prisoner failed to cure previously identified deficiencies despite the opportunity to do so). The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987). Plaintiff has twice been allowed to amend the proposed complaint and the Court instructed Plaintiff regarding the

deficiencies of both the proposed complaint and plaintiff's response to the First Screening Order. Dkts. 4, 10. Plaintiff failed to comply with two orders to file an amended complaint, and plaintiff's submissions in response to both orders failed to remedy the deficiencies in the proposed complaint. *See* Dkts. 8, 9, 11.

CONCLUSION

Because plaintiff has already twice been granted the opportunity to state a viable constitutional claim by filing an amended complaint—but both responses remain fatally deficient without any indication the deficiencies discussed above can be cured—dismissal of this action for failure to state a claim under 42 U.S.C. § 1983 is proper. The Court further recommends that plaintiff's IFP application (Dkt. 1) be denied as moot.

Plaintiff has **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **January 28, 2022**, as noted in the caption.

Dated this 11th day of January, 2022.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11